Weldon, J.,
delivered the opinion of the court:
It is alleged, that from the 7th day of August, 1882, to the 12th day of January, 1880, the said claimant was a commissioner of the Circuit Court of the United States for the Territory of Arizona, duly qualified and .acting as such; that during said time services were performed for the defendants in the examination of parties charged with offenses against the United States; that in his account of fees against the Government the claimant charged double fees for said services; that said account and double fees were duly approved by the United States court for that district; that the same, after approval as aforesaid, were presented to the accounting officers of the Treasury Department, and were disallowed, and payment refused.
The petition does not allege the kind of services rendered nor the amount of the same; but from the general allegations, it may be assumed that the amount claimed, to wit,. $376.45,. is double the value of the services, and the question presented’ by the demurrer is, do the statutes applicable to the Territory of Arizona, on the subject of commissioners’ fees, authorize such officers to chai'ge and be paid at the rate of double fees ?
In the decision of that question is involved the considera- • tion of three statutes, to wit, the Aet 2Qth February, 1853 (10 Stat. L., 161), section 837 of the Revised Statutes, and the Act, August 7,1882 (22 Stat. L., 344).
The act of February 26, 1853, is a general statute regulating' the fees of clerks, marshals, district attorneys, commissioners, jurors, and witnesses. Under the head of “ commissioners’ fees ” are enumerated the different fees to which said officer is entitled, for the performance of the different official duties pertaining to his office. By the act of the 7th August, 1882, the statute of 1853 is made applicable to the Territory of Arizona where the services sued for were performed.
The said section of the Revised Statutes is as follows :
“The district attorneys and marshals for the districts of Oregon and Nevada shall be entitled to receive for the like services, double the fees hereinbefore provided; but neither of them shall be allowed to retain of such fees any sum exceeding *276 the aggregate compensation of such officer as hereinbefore provided.”
And the statute of 1882 reads:
“ That the act of Congress of the United States entitled ‘An act to regulate the fees and costs to be allowed clerks, marshals, and attorneys of the circuit and district courts of the United States, and for other purposes,’ approved February twenty sixth, eighteen hundred and ñfty-three, and section eight hun dred and thirty-seven of the Eevised Statutes of the United States, is extended to the Territories of New Mexico and Arizona, and shall apply to the fees of all officers in such Ter ritories; but the district attorney shall not, by fees and salary together, receive more than three thousand five hundred dollars per year; and all fees or moneys received by him above said amount shall be paid into the Treasury of the United States.”
The statute 9f 1853 establishes the fees of the commissioner, and by the act of 1882 the said act was made applicable to the Territory of Arizona, and by the same act the section of the Eevised Statutes, making provision for the district of Oregon and Nevada as to district attorneys and marshals, was also extended to said Territory. The defendant insists that inasmuch' as the Eevised Statutes mention specifically the district attorney and marshal, that said section, when it became incorpo? rated into the statute of 1882, did not apply to any other officers. By the statute of 1882 the law of the 26th of February established the fees recognized by the latter act; and section 837 of the Eevised Statutes became, by the law of 1882, a part of its provisions.
If the act of 1882 intended to limit the double pay to the officers specified in section 837, it would not have used the comprehensive phraseology embraced in that statute. The act of 1853 enumerated commissioners as well as marshals, clerks, and attorneys, and by the incorporation of the act of 1853 into the act of 1882, the commissioner passed to the act of 1882, as effectually as did marshals and district attorneys, by the incorporation of section 837. The act of 1882 provides that both of the former laws are extended to the Territory of Arizona, and that both “ shall apply to the fees of all officers in such Territories.” The feature in the Eevised Statutes that the district attorneys and marshals shall have double fees was incorporated into the act of 1882, and when that act provided that the act u shall apply to the fees of all officers in such Territories,” *277 the officers, including the commissioners in said. Territories, became entitled to double fees for official services.
It is impossible to determine, from the general allegation of the petitioner, whether the party is entitled to the sum claimed, as it is not shown what services were rendered, and the only thing the court can do on the demurrer is to determine the principle of law, that for all legal services the claimant is entitled to double fees. The claimant may be permitted to amend the petition, so as to specifically disclose the character and quantity of services, when the demurfer will be overruled, if the charges are legal, and the defendants can then take such further steps as they desire.